UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| MILE HIGH CAPITAL GROUP, LTD., ) | Bankruptcy Case No. 06-10106 HRT |
| ) | |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

**OBJECTION TO APPLICATION FOR PAYMENT OF FEES AND EXPENSES OF STATE COURT APPOINTED RECEIVER, RECEIVER'S COUNSEL AND CONSULTANTS**

Fredric R. Dryer ("Dryer"), by and through his undersigned counsel, hereby submits his Objection to Application for Payment of Fees and Expenses of State Court Appointed Receiver, Receiver's Counsel and Consultants (the "Objection"). In support of the Objection, Dryer states as follows:

**PROCEDURAL BACKGROUND**

1. On January 13, 2006 (the "Petition Date"), Mile High Capital Group, Ltd. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, initiating the above captioned case (the "Bankruptcy Case").

2. On January 23, 2006, John C. Smiley, Esq. was appointed Chapter 11 trustee of the Debtor's bankruptcy estate ("Trustee").

3. Prior to the Petition Date, on October 28, 2005, a state court receiver was appointed for Debtor by the District Court for the City and County of Denver. That receiver, Hall Wells DiNardo, LLC ("Receiver"), attempted to operate Debtor's business for roughly three months until Trustee took possession. Receiver initiated the filing of the Petition but only remained in possession during the Bankruptcy Case for approximately eleven days.

4. On February 22, 2006, Receiver filed its Application for Payment of Fees and Expenses of State Court Appointed Receiver, Receiver's Counsel and Consultants in the Bankruptcy Case (the "Receiver Application").

5. The Receiver Application seeks payment of fees and expenses totaling $374,595.36. This includes fees and expenses of five professionals hired by Receiver. At least one other professional hired by Receiver, Gary C. Johnson & Associates, LLC, will apparently be filing a separate fee application.

6.  On March 15, 2006, Trustee filed his Objection to Application for Payment of Fees and Expenses of State Court Appointed Receiver, Receiver's Counsel and Consultants (the "Trustee's Objection").

## DEBTOR AND DRYER

7.  Dryer founded Debtor in 2000, is a former president of Debtor and is currently its primary shareholder.

8.  For most of the year prior to appointment of Receiver, Dryer was not involved in Debtor's day-to-day operations. In late August and early September 2005, Dryer became aware of Debtor's increasing cash flow needs and the chaos generated by the management of Debtor's then CEO and Chairman Andrew McFaul and Debtor's then President Jeff Dietz. Accordingly, Dryer became more involved and attempted to secure projects for Debtor. Dryer also hired an outside investigator to review Debtor's accounting and financial status.

9.  After the Securities Commissioner for the State of Colorado (the "Commissioner") initiated its lawsuit in the District Court for the City and County of Denver, Dryer worked cooperatively with the Commissioner and stipulated to the appointment of Receiver.

10.  Dryer objects to the Receiver Application because: (i) it is unclear whether Receiver's prepetition expenses and those of Receiver's professionals are entitled to administrative expense status under § 503; (ii) Receiver has not shown that its expenses (prepetition and postpetition) were actual and necessary and beneficial to the estate; and (iii) Receiver has failed to show that services of its five professionals (prepetition and postpetition) were reasonable and beneficial to the estate.

## OBJECTION

11.  First, it is unclear whether Receiver is entitled to administrative expense priority for its expenses and the expenses of its professionals.

12.  In the Receiver Application, Receiver cites to §§ 503(b)(3)(E) and 543 as authority for being paid all its pre- and postpetition expenses as an administrative expense. Section 503(b)(3)(E) gives administrative expense status to the actual, necessary expenses incurred by "a custodian superseded under section 543 of this title and compensation for the services of such custodian." In general, § 543 provides for the turnover of property by a "custodian," once a bankruptcy case has been commenced. A "custodian" is defined by the Code to include a receiver appointed in a case or proceeding not under the Code. 11 U.S.C. § 101(11). A "superseded" custodian is not specifically defined by the Code.

13.  In this case, it is clear that Receiver falls within the definition of a "custodian" under the Code. It is less clear that Receiver is a "superseded custodian." At least one court has recently held that a state court receiver who voluntarily files a bankruptcy petition is not a superseded custodian under § 543 and therefore not eligible to have its prepetition expenses

2

treated as administrative expense. *In re Statepark Bldg. Group, Ltd.,* 2005 Bankr. LEXIS 1248 at *10-11 (Bankr. N.D. Tex. 2005). Here, because Receiver voluntarily filed Debtor's Petition, it appears that Receiver is not a superseded custodian within the meaning of § 503(b)(3)(E). If this Court determines that Receiver is not a superseded custodian, then neither Receiver nor its professionals may have an allowable administrative claim for prepetition expenses. Instead, those prepetition expenses are merely unsecured claims of Debtor's estate. *Id.* at *13.

14. Second, even if Receiver does meet the definition of a superseded custodian, Receiver is limited to recovering those expenses that are reasonable and necessary to fulfilling Receiver's obligations under § 543, *i.e.* preservation, turnover and accounting. *In re Posada Assoc.*, 127 B.R. 278, 280-81 (Bankr. D.N.M. 1991). Further, compensation is limited to only those services which provided a "demonstrable benefit" to the estate. *In re Kenval Marketing Corp.*, 84 B.R. 32, 35 (Bankr. E.D. Pa. 1988). Actions which provide no benefit or serve to decrease the size of the fund available to creditors are not compensable. *Id.*

15. Here, as stated in Trustee's Objection, the Receiver Application is lacking in explanation as to how the services provided were reasonable and necessary. Many of the supporting time sheets contain no detail as to the services preformed, let alone how the services benefited the estate. Had Receiver voluntarily complied with the U.S. Trustee's Fee Guidelines,[1] such as by using project billing, perhaps the alleged benefit to the estate would be more easily discernable from the Receiver Application.

16. More importantly, it appears from the exhibits to the Receiver Application that Receiver's work may have had a detrimental effect on Debtor's estate. For example, upon information and belief, Receiver settled a lawsuit concerning Debtor's Cima Vista development in Colorado Springs on what appear to be unreasonable terms. *See* Receiver Application at Exhibit F. Receiver also appears to have let numerous options to purchase and other contract rights expire that should have been preserved, all to the detriment of the estate. *See id.* Receiver should not be entitled to recover expenses for activities that did not benefit Debtor's estate.

17. In addition, it appears that some of the benefits mentioned in the Receiver Application, such as development projects with income potential, are more accurately attributed to the pre-receivership efforts of Dryer and the postpetition efforts of Trustee. For example, Trustee has taken action in this case to continue Debtor's Avera and Del West projects by filing various motions to assume contracts and establish waiting lists. These projects will no doubt bring benefit to the estate. However, it is unclear from the Receiver Application and accompanying exhibits what, if any, contribution Receiver made to these projects during its tenure. Accordingly, Receiver should not be entitled to compensation for activities relating to these projects if and until it more clearly describes its alleged contributions to those projects.

18. Finally, Receiver has failed to show that services of its five professionals (prepetition and postpetition) are reasonable. Under § 503(b)(4), reasonable compensation for professional services by an attorney or accountant rendered in connection with § 503(b)(3) may

---

[1] The U.S. Trustee Program's Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330. Dryer acknowledges that Receiver did not seek compensation and reimbursement under 11 U.S.C. § 330 and thus the applicability of the Guidelines in this situation is unclear.

be recoverable as an administrative expense. The fees, however, "must be reasonable, considering the time, the nature, the extent, the value and the comparable costs of the services." *In re Statepark Bldg. Group, Ltd.,* 2005 Bankr. LEXIS 1248 at *11. Under this reasonable compensation standard, professionals are not entitled to reimbursement of expenses relating to activities that were not necessary to preserve assets, such as unsuccessful settlement efforts, certain bankruptcy research and disqualification work. *Id.*

19. Here, the Receiver Application seeks a total of $240,788.31 for its professionals but fails to adequately explain how the services provided were actual and necessary and whether they are reasonable considering the time, nature, extent, value and comparable costs of the services. In addition, as noted in Trustee's Objection, Receiver is seeking allowance of several different claims in one application. Filing of individual applications would make consideration of each professional's records less difficult.

WHEREFORE, Dryer objects to the Receiver Application, requests that the Court enter an order denying same and for such other relief as the Court deems necessary and proper.

DATED this 22nd day of March, 2006.

JESSOP & COMPANY, P.C.

By: /s/ Kerstin E. Cass
      Douglas W. Jessop, #13299
      Kerstin E. Cass, #30230
303 East 17th Avenue, Suite 930
Denver, Colorado 80203
Telephone: (303) 860-7700
Facsimile: (303) 860-7233
Email: dwjessop@jessopco.com
Email: kecass@jessopco.com

and

Patrick Ridley
Ridley, McGreevy & Weisz, P.C.
1800 15th Street, Suite 101
Denver, CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
Email: ridley@rmwpc.com

Attorneys for Fredric R. Dryer

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of the **Objection to Application for Payment of Fees and Expenses of State Court Appointed Receiver, Receiver's Counsel and Consultants** was served by depositing same in the United States mail, first class postage prepaid, on the 22nd day of March, 2006, addressed to the persons on the list attached hereto.

                                      /s/ Mary Alice Lydick

Harvey Sender, Esq.
John B. Wasserman, Esq.
David V. Wadsworth, Esq.
Sender & Wasserman, P.C.
1999 Broadway, Suite 2305
Denver, CO 80202

Office of the U.S. Trustee
Leo Weiss, Esq.
999 18th Street, Suite 1551
Denver, CO 80202

John C. Smiley, Trustee
Lindquist & Vennum P.L.L.P.
600 17th Street, Suite 1800 South
Denver, CO 80202-5441

Michael Beatty, Esq.
Michael Noone, Esq.
Beatty & Wozniak P.C.
216 16th Street, Suite 1100
Denver, CO 80202-5115

Brent R. Cohen / Alan W. Anderson
Philip A. Feigin / Craig R. Welling
Rothgerber Johnson & Lyons
1200 17th Street, Suite 3000
Denver, CO 80202-5839

Robert M. Duitch, Esq.
665 SouthPointe Court, Suite 150
Colorado Springs, CO 80906

Elizabeth K. Flaagan, Esq.
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203

Seymour Joseph, Esq.
Karsh, Fulton, Gabler & Joseph
950 S. Cherry Street, Suite 710
Denver, CO 80246

Ted T. Svitavsky, Esq.
Ted T. Svitavsky, L.L.C.
7785 Highland Meadows Pkwy., Suite 203
Windsor, CO 80528

Joli Lofstedt, Esq.
Ellen Cadette, Esq.
Douglas C. Pearce, II, Esq.
Connolly, Rosania & Lofstedt
390 Interlocken Crescent, Suite 490
Broomfield, CO 80021

Glenn W. Merrick, Esq.
G.W. Merrick & Associates, LLC
5445 DTC Parkway, Suite 912
Greenwood Village, CO 80111

Patrick L. Ridley, Esq.
Richilano & Ridley, P.C.
1800 15th Street, Suite 101
Denver, CO 80202

Stephen G. Smith, Esq.
Assistant Attorney General
Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, CO 80203

The Argent Company
c/o K. B. Stogner, P.C.
10 Boulder Crescent Street, Suite 200
Colorado Springs, CO 80903

Maria J. Flora, Esq.
Maria J. Flora, P.C.
1763 Franklin Street
Denver, CO 80218

Martin E. Long, Esq.
Long & Long
303 E. 17th Avenue, Suite 800
Denver, CO 80203-1299

The Argent Company
540 N. Cascade Ave.
Colorado Springs, CO 80903

Jonathan C. Oster, Esq.
Oster Martin & Faber, LLC
717 Seventeenth Street, Suite 1475
Denver, CO 80202

Garry R. Appel, Esq.
Appel & Lucas, P.C.
1917 Market St., Suite A
Denver, CO 80202

Douglas D. Koktavy, Esq.
Douglas D. Koktavy, P.C.
3515 S. Tamarac Drive, Suite 200
Denver, CO 80237

Barry L. Blair
20977 East Berry Place
Centennial, CO 80015-3617

Thomas C. Seawell, Esq.
Special Counsel
Fisher, Sweetbaum & Levin, P.C.
1125 17th Street, Suite 2100
Denver, CO 80202

Susan and Ed Salgado
1290 S. Springwood Drive
Anaheim, CA 92808

Jack L. Smith
Risa Lynn Wolf-Smith
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80201-8749

William E. Burton
Smith Moore LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27420

F. Scott Fitzke
4 Inverness Court East, Suite 100
Englewood, CO 80112

Daniel T. Goodwin, Esq.
Robert C. Wolf, Esq.
Donelson, Goodwin & Juarez, P.C.
11080 Circle Point Road, Suite 190
Westminster, Colorado 80020-2768

William C. Davidson
Law Offices of Minter, Joseph
& Thornhill, P.C.
811 Barton Springs Road, Suite 800
Austin, TX 78704

Diane W. Sanders, Esq.
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 17428
Austin, TX 78760-7428

Barton L. Enoch
P.O. Box 1539
Colorado Springs, CO 80901-1539

Michael J. Norton, Esq.
Karin E. Borke, Esq.
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO  80111